UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DALE M. PATTERSON,

    Plaintiff,

v.                          Case No. 25-cv-412-bbc

SGT. WILCOX, et al.,

    Defendants.

## DISMISSAL ORDER

    Plaintiff Dale M. Patterson, who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that Defendants Sergeant Wilcox and Correctional Officer Jordan Crass denied him access to the bathroom one time on July 30, 2024. Dkt. No. 1. The Court screened and dismissed the original complaint because temporary denial of bathroom facilities did not meet the objective prong of the Eighth Amendment, even if an inmate urinated and defecated on himself. Dkt. No. 9 at 4. Nevertheless, the Court gave Patterson the opportunity to file an amended complaint by July 28, 2025 to identify any additional facts that might trigger an Eighth Amendment claim. *Id.* at 5. The Court warned Patterson that if he did not file an amended complaint by the deadline noted above, the Court would dismiss this case based on his failure to state a claim in the original complaint. *Id.* The deadline has passed, and Patterson did not file an amended complaint. Accordingly,

    **IT IS HEREBY ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Green Bay, Wisconsin on August 4, 2025.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge

---

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.